IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TETYANA MOSKALENKO, on her own behalf and on behalf of all other Seafarers similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARNIVAL PLC and FLEET MARITIME SERVICES INTERNATIONAL, LTD.,<br><br>Defendants. | Case No.<br>1:17-cv-06947-NGG-CLP<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS**<br><br>Date: August 21, 2018<br>Time: 2:00 p.m.<br>Judge Nicholas G. Garaufis<br>Courtroom: 4D S |

Defendant, CARNIVAL PLC ("Carnival"), and its subsidiary FLEET MARITIME SERVICES INTERNATIONAL. LTD, ("Fleet Maritime"), both Bermuda corporations, (collectively "Defendants"), by and through undersigned counsel, hereby move to compel arbitration and dismiss pursuant to 9 U.S.C. § 201 et. seq. and 21 U.S.T. 2517 (commonly referred to as the "Convention on the Recognition and Enforcement of Foreign Arbitral Awards"), Federal Rule of Civil Procedure 12(b)(3) and the terms and conditions of Plaintiff's employment contract, and as grounds thereof states:

### PROCEDURAL BACKGROUND

On November 29, 2017, Plaintiff, TETYANA MOSKALENKO, individually and on behalf of certain other Ukrainian Seafarers, filed this Complaint. Defendants hereby file the within motion to compel arbitration of Plaintiff's claims pursuant to her employment contract.

### FACTUAL BACKGROUND

Per Plaintiff's complaint (ECF No. 1), Plaintiff is a citizen of the Ukraine, who was working as a bedroom steward on the ocean liner *Queen Mary 2*. Plaintiff alleges she has entered into nine contracts

1

with Carnival for employment. Plaintiff admits her contracts for employment all contained provisions stating that any and all claims between the parties "shall be referred to and resolved exclusively by binding arbitration in Bermuda." Complaint, ¶¶ 108-117. Additionally, paragraph 16 of Part B specifically provided that the agreement "shall be governed by the law of Bermuda." *Id.*, ¶111.

By way of example, on July 8, 2015 Plaintiff signed a contract of employment for the work period August 27, 2015 through February 17, 2016. (See 2015 Seafarer's Employment Agreement, Part A, attached as Ex. A to the Declaration of Edgar R. Nield). On July 8, 2016 Plaintiff signed another contract of employment for the work period September 1, 2016 through March 2, 2017. (See 2016 Seafarer's Employment Agreement, Part A, attached as Ex. B to the Declaration of Edgar R. Nield). Most recently, on July 17, 2017 Plaintiff signed a contract for employment for the period from July 9, 2018 through October 3, 2018. (See 2017 Seafarer's Employment Agreement, Part A, attached as Ex. C to the Declaration of Edgar R. Nield).

Plaintiff's employment contracts all incorporate by reference "Standard Terms & Conditions of Employment" which are referenced as "B3." (See Standard Terms and Conditions attached as Exhibit D to the Declaration of Edgar R. Nield). The Standard Terms and Conditions at Section 15 states, "…every conceivable dispute (including but not limited to wage and benefit matters, employment applications, wrongful termination or discrimination claims… shall be resolved by binding arbitration." The claims "shall be referred to and resolved exclusively by binding arbitration in Bermuda (in English), to the exclusion of any other fora…". (See, Ex. D to the Declaration of Edgar R. Nield).

While Plaintiff's allegations are vague and speculative, this lawsuit contends that Plaintiff is uncertain whether she have been paid all gratuities which were owed, that she may have been paid late on rare occasion and that she should be entitled to reimbursement if she elected to hire off-duty crewmembers to assist them with her duties.[1] In a nutshell, all of Plaintiff's claims herein are based on Defendants alleged failure to properly pay Plaintiff pursuant to the employment contracts.

---

[1] Although this court lacks jurisdiction to resolve this matter for the reasons set forth herein, once the matter is presented in the appropriate forum, Defendants are confident that the evidence will show Plaintiffs have not only been fully paid all wages and gratuities owed, but that Defendants voluntarily contributed additional sums to Plaintiffs' gratuity pool beyond what was required by law or contract.

Plaintiff pleads causes of action for: (1) violation of the Seamen's Wage Act, 46 U.S.C. §10313 for delayed payments (Complaint, ¶¶ 72-86); (2) Failure to Pay Agreed-Upon Wages under New York Labor Law, Article 6, due to Defendants' failure to pay "their correct monthly rate of pay, with the proper computation of their share from collected gratuities" (*Id.*, ¶¶87-92); (3) Illegal Deductions under New York Labor Law, Article 6, by improperly counting gratuities or improperly including crew members not eligible to share in gratuities (*Id.*, ¶¶ 93-100); (4) Illegal retention or Distribution of Gratuities Under New York Labor Law, Article 6 (*Id.*, ¶101-105); and (5) Declaratory Relief.

## MEMORANDUM OF LAW

This Honorable Court should compel Plaintiff to arbitration pursuant to the terms and conditions of Plaintiff's employment contract. Plaintiff's claim arises directly out of her employment; and, pursuant to the terms and conditions of her employment contract, the parties are mandated to submit this dispute to an arbitrator in Bermuda. Courts routinely enforce arbitration agreements in employment contracts, and even when the contract specifically states the dispute shall be resolved by an arbitrator in Bermuda. *See e.g.*, *Bajsar v. Princess Cruise Lines, Ltd.*, 13-22027-CIV, 2014 WL 12577607 (S.D. Fla. Feb. 19, 2014); *Kote v. Princess Cruise Lines, Ltd.*, 10-61146-CIV, 2011 WL 4434858 (S.D. Fla. 2011); *Lazarus v. Princess Cruise Lines, Ltd.*, 2011 WL 6070294 (S.D. Fla. Dec. 6, 2011); *Constantin v. Princess Cruise Lines, Ltd.*, Case No.: 11-cv-20613-KING (S.D. Fla. May 5, 2011); *Indzhov v. Princess Cruise Lines, Ltd.*, Case No.: 11-cv-20115-KING (S.D. Fla. March 3, 2011); *Kristic v. Princess Cruise Lines*, 706 F. Supp. 2d 1271 (S.D. Fla. 2010); *Matthews v. Princess Cruise Lines, Ltd.*, 2010 U.S. Dist. Lexis 77300 (S.D. Fla. July 7, 2010); *Gawin v. Princess Cruise Lines Ltd.*, 2009 U.S. Dist. LEXIS 126748 (S.D. Fla. December 28, 2009); *Sorica v. Princess Cruise Lines, Ltd.*, 2009 U.S. Dist. LEXIS 127433 (S.D. Fla. August 4, 2009). *See also, Lindo. NCL (Bahamas), Ltd., 652 F.3d 1257 (11th Cir. 2011). See also Wong v. Carnival Corp.,* 599 Fed. Appx. 355 (11th Cir. 2015); *Sierra v. Cruise Ships Catering & Services Intern., N.V.,* 631 Fed. Appx. 714 (11th Cir. 2015); *Suazo v. NCL (Bahamas), Ltd.,* 822 F.3d 543 (11th Cir. 2016); *Vera v. Cruise Ships Catering & Services Intern., N.V.,* 594 Fed. Appx. 963 (11th Cir. 2014); *Escobar v. Celebration Cruise Operator, Inc.,* 805 F.3d 1279 (11th Cir. 2015), *cert. denied,* 136 S. Ct. 1158 (2016); *Bautista v. Star Cruises,* 396 F.3d 1289 (11th Cir. 2005).

## I. FEDERAL LAW FAVORS ARBITRATION.

Federal law strongly favors agreements to arbitrate, particularly in international commercial transactions. See *Navarette v. Silversea Cruises Ltd.*, No. 14-13324, 2015 WL 4635752, at *2 (11th Cir. Aug. 5, 2015); *Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974). In *Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985), the Supreme Court held:

> Concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement [arbitration in Japan], even assuming that a contrary result would be forthcoming in a domestic context.
> *Id.* at 629 (parenthetical added).

Furthermore, the Eleventh Circuit court in *Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257, 1261 (11th Cir. 2011), recognized the rulings in *Scherk* and *Mitsubishi* as standing for the proposition that there is a strong presumption in favor of freely- negotiated contractual choice-of-law and forum-selection provisions, and this presumption applies with special force in the field of international commerce. 652 F.3d at 1275

The court in *Adolfo v. Carnival Corp. d/b/a Carnival Cruise Lines, Inc.*, No. 02-23672, 2003 U.S. Dist LEXIS 24143 (S.D. Fla. Mar. 17, 2003), also noted that, "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration. . . and doubts concerning the scope of arbitratable issues should be resolved in favor of arbitration." (relying upon *Mitsubishi Motors Corp.* at 626.)

## II. THE CONVENTION ACT

International arbitration agreements are subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("The Convention"). The United States, the Ukraine, the United Kingdom and Bermuda, are all signatories to this Treaty. The United States implemented the Convention through the enactment of 9 U.S.C. §§ 201-208. The Convention Act provides that a court possessing jurisdiction under The Convention Act may direct that arbitration be held in accordance with the agreement at any place therein provided for. The Convention requires courts in signatory nations to give effect to private international arbitration agreements and to recognize and enforce arbitral awards entered in other contracting states. See *Navarette v. Silversea Cruises Ltd.*, No. 14-13324, 2015 WL 4635752,

at *2 (11th Cir. Aug. 5, 2015); *Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257, 1261 (11th Cir. 2011).

Under the Convention Act, the district court must address a "very limited inquiry" in determining whether to enforce an agreement to arbitrate. See *Navarette v. Silversea Cruises Ltd.*, No. 14-13324, 2015 WL 4635752, at *2 (11th Cir. Aug. 5, 2015); *Quiroz v. MSC Mediterranean Shipping Co. S.A.*, 522 Fed. Appx. 655, 661 (11th Cir. 2013) (quoting *Francisco v. MT Stolt Achievement*, 293 F.3d 270, 273 (5th Cir. 2002)).

When a dispute arises about an agreement to arbitrate, the agreement is governed by the Convention if the following four factors are present: (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. Id. If these requirements are met, then the Convention Act requires district courts to order arbitration.

### III. PLAINTIFFS' CONTRACT OF EMPLOYMENT

At the time of the claimed incident, Plaintiffs' employment with Carnival was governed by the Standard Terms and Conditions of fixed term employment, which was incorporated into the employment contract. See Exibits A-D; Compl., ¶¶ 107-111.

As stated in paragraph 110 of Plaintiff's complaint, the Standard Terms of Agreement incorporated into Plaintiff's employment contract reads in part:

> ... every conceivable dispute (including but not limited to wage and benefit matters...) between you and the Company or others...shall be resolved by binding arbitration. The parties agree that any and all claims between them of any kind or nature whatsoever are international commercial disputes and shall be referred to and resolved exclusively by binding arbitration in Bermuda (in English), to the exclusion of any other fora....

Compl., ¶110. The Standard Terms also stated, any grievance "must be referred to arbitration to the exclusion of any other legal or court proceeding." *Id.*, 109. Therefore, Plaintiff's verified complaint admits she entered into multiple consecutive employment agreements with Defendant in which she agreed to have any grievances resolved of via binding arbitration. *See also*, Ex. D, at Sections 15-16.

///

## IV. DEFENDANT'S MOTION TO COMPEL ARBITRATION SHOULD BE GRANTED

This Honorable Court must compel Plaintiff to arbitration as required by the terms of her contract of employment, the Standard Terms and Conditions therein, and the Convention Act. This dispute is subject to arbitration because the four criteria mandated by *Francisco* are satisfied.

### A. All Four Criteria Are Fulfilled

In the instant case, all four criteria under *Francisco* are present that mandate this Honorable Court to compel Plaintiff to arbitration. Again, the criteria are: (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen. *Francisco v. MT Stolt Achievement*, 293 F.3d 270, 273 (5th Cir. 2002).

Here, both Plaintiff's Complaint and the Exhibits attached hereto establish that there is a written agreement to arbitrate this dispute. At the time of these alleged wage violations, Plaintiff worked for Defendants as crew members under the terms of the Standard Terms and Conditions, which are incorporated into the contract. As stated above, the contract requires party to arbitrate every conceivable claim whatsoever, including specifically wage claims. Criterion one is therefore clearly satisfied because there is an agreement in writing to arbitrate this dispute. Neither party disputes this fact.

Criterion two is satisfied because the United Kingdom, of which Bermuda is a territory, is a signatory to the Convention. See 9 U.S.C. § 201; *Quiroz v. MSC Mediterranean Shipping Co. S.A.*, 522 Fed. Appx. 655, 661 (11th Cir. 2013).

The third criterion is satisfied because the agreement to arbitrate arises from a commercial legal relationship. The courts have consistently found that cruise ship employment contracts constitute a commercial legal relationship for the purposes of compelling arbitration. See *Quiroz; Lindo; Francisco; Amon; Adolfo; Bautista*. Each of these courts resolved this issue by concluding that the contract of employment and agreement to arbitrate therein arose out of a commercial legal relationship. Plaintiff's employment with defendants pursuant to the Contract of Employment constitutes a commercial legal relationship for the purposes of the Convention and satisfies the third criteria of this analysis.

Lastly, the fourth criterion is satisfied because at least one party to the agreement is not an American citizen. (In this case none of the parties are American citizens as Plaintiff is a citizen of Ukraine (Exhibits A-C) and Defendants are Bermuda corporations with their principal place of business in Bermuda (in the case of Fleet Maritime) and the United Kingdom (in the case of Carnival).

The instant case is consistent on all fours with decisions in *Lindo; Navarette; Quiroz; Francisco; Amon; Adolfo; Bautista,* and *Doe*. According to established precedent supporting agreements to arbitrate in international transactions and the presence of all criterions for such an order compelling arbitration, this Honorable Court should order Plaintiff to arbitration.

## VI. PLAINTIFF'S "PROSPECTIVE WAIVER" DEFENSE TO ARBITRATION IS PREMATURE

Plaintiff's complaint alleges the employment contracts choice of Bermuda law is prospective waiver of rights as Bermuda does not have remedies which parallel 46 U.S.C. § 10313. Complaint, ¶¶ 106-128. Plaintiff alleges the choice-of-law "strips Plaintiff and the class of their statutory wage rights." *Id.*, ¶122.

The Convention makes clear that only a limited inquiry is permitted at the arbitration enforcement stage and that all other defenses must be raised, if at all, only at the arbitration enforcement stage after arbitration has concluded. At the initial arbitration enforcement stage, deciding on "prospective wavier" is premature. *After* arbitration, a court may refuse to enforce an arbitral award if the award is contrary to the public policy of the country. The party defending against the enforcement of an arbitral award bears the burden of proof. *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1263 (11th Cir. 2011) (citing *Vimar Seguros y Reaseguros, S.A. v. M.V. Sky Reefer*, 515 U.S. 528, 540-41 (1995). So, as the parties are at the stage of enforcing arbitration, and not enforcing an award from arbitration, this declaration is wholly unnecessary since it is presently unknown whether or not Plaintiff's rights would be fully adjudicated or vindicated in arbitration.

Moreover, public policy does not require that a litigant be afforded identical rights to those allowed under U.S. law, only that if U.S. law is found to apply then a litigant must be afforded substantially similar rights. Bermuda law provides relief for failure to timely pay seafarer wages. Per section 4 of the Merchant Shipping (Seafarers' Wages) Regulations, in effect starting 2013.

7

Balance of wages due on leaving the ship. When a seafarer leaves a ship at the end of an employment agreement and has not been paid the wages due to him for the time worked in that month, as well as any other outstanding wages, the balance due shall be paid at the end of the month in which the seafarer leaves the ship. If the balance due is not paid in accordance with paragraph (1) and where the employment contract or an applicable Collective Bargaining Agreement does not provide for payment of wages during the seafarer's period of leave, the seafarer shall be entitled to wages at the rate in the employment agreement for the time that the outstanding balance is unpaid for up to 56 days following the end of the employment agreement, and thereafter any balance unpaid shall carry a rate of interest of 20% per annum until paid.

As previously described, the choice-of-law provision is presumptively valid. Plaintiff signed an agreement binding herself to the application of the laws of Bermuda. At this stage in the proceedings, no determination as to prospective waiver of rights need be made and prospective waiver is not a defense allowed to be considered under the Convention at the arbitration enforcement stage. *Aggarao v. MOL Ship Management Co., LTD.*, 675 F.3d 355, 371-73 (*4th Cir. 2012); *Escobar v. Celebration Cruises Operator, Inc.*, 805 F.3d 1279, 1287 (11th Cir. 2015); *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1263 (11th Cir. 2011) (citing *Vimar Seguros y Reaseguros, S.A. v. M.V. Sky Reefer*, 515 U.S. 528, 540-41 (1995).

## CONCLUSION

WHEREFORE, Defendants respectfully move this Court to enter an order dismissing the Complaint and compelling Plaintiff to submit to arbitration in Bermuda pursuant to the terms of her employment contract.

Dated: Encinitas, California
       June 22, 2018

Respectfully submitted,

MALTZMAN & PARTNERS

By:_____
JEFFREY B. MALTZMAN
EDGAR R. NIELD
679 Encinitas Blvd, Suite 201
Encinitas, CA 92024
jeffreym@maltzmanpartners.com
edn@maltzmanpartners.com
(760) 942-9880
Attorneys for Defendants